IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-546-06






TONY DEMOND WRIGHT, Appellant



v.



THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE SECOND COURT OF APPEALS

DENTON COUNTY



 

 Keasler, J., delivered the opinion for a unanimous Court.


O P I N I O N 


 Tony Demond Wright was charged with the second degree felony offense of
possession of a controlled substance. Before trial, Wright filed a motion to suppress
contending that the tactical team's no-knock entry to the house was unreasonable. After
holding a pretrial suppression hearing, the trial judge denied Wright's motion. Wright later
pled guilty pursuant to a negotiated plea bargain agreement with the State. Accepting the
terms of the agreement, the trial judge entered an order deferring adjudication and placing
Wright on community supervision for a period of four years. Having preserved his right to
appeal the trial judge's decision to deny his motion to suppress, Wright filed a notice of
appeal. The trial judge then certified Wright's right to appeal. 

 Before the Fort Worth Court of Appeals, Wright challenged the trial judge's refusal
to grant his motion to suppress. (1) Each justice on the panel filed a separate unpublished
opinion. (2) A majority of the court of appeals, albeit for different reasons, reversed the trial
judge's decision to deny Wright's motion to suppress. (3) As a result, the court remanded the
case to for a new trial without the illegally seized evidence. (4) The State filed a petition for
discretionary review, which we granted.

 After the court of appeals issued its opinion, the United States Supreme Court, in
Hudson v. Michigan, held that, under the Fourth Amendment to the United States
Constitution, a violation of the knock-and-announce rule does not require the suppression of
evidence discovered during a search. (5) Because Wright challenged the trial judge's refusal
to grant his motion to suppress exclusively under the Fourth Amendment in the court of
appeals and the court of appeals did not have the benefit of the Supreme Court's decision in
Hudson when rendering its decision, we reverse and remand case for reconsideration in light
of Hudson. 

DATE DELIVERED: May 7, 2008

PUBLISH
1. Wright v. State, No. 2-04-249-CR, 2006 Tex. App. LEXIS 1890, at *8-9 (Tex.
App.--Fort Worth Mar. 9, 2006) (not designated for publication)
.
2. Id. at *1-9 (Dauphinot, J.), *9-11 (McCoy, J. concurring), *11-17 (Livingston, J.,
dissenting). 
3. Id. at *8-9 (Dauphinot, J.), *9-10 (McCoy J., concurring) 
4. Id. at *9 (Dauphinot, J.).
5. 547 U.S. 586, 594, 599 (2006).